**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**JANUARY 1999 SESSION**

**FILED**

**June 10, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9801-CR-00014 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Arthur T. Bennett, Judge |
| | ) |
| **BRONCHE R. TERRELL,** | ) (Possession of Controlled Substance) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

WILLIAM D. MASSEY
3074 East Street
Memphis, TN 38128
(on appeal)

ANDRE STEPTER
231 Bellevue Avenue
Memphis, TN 38104

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

DOUGLAS D. HIMES
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

WILLIAM L. GIBBONS
District Attorney General

GLEN BAITY
Assistant District Attorney General
Criminal Justice Center, Suite 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

## OPINION

The defendant, Bronche R. Terrell, pleaded guilty to possession of two pounds of marijuana with intent to sell, a Class E felony. See Tenn. Code Ann. § 39-17-417(g)(1). In accordance with his plea agreement, the trial court sentenced the defendant to one year and imposed a fine of two thousand dollars. At a subsequent hearing to determine the manner of service of his sentence, the trial court ordered that the defendant serve thirty days confinement and suspended the balance of his sentence with probation. The defendant appeals, arguing that the trial court erred in denying full probation and imposing a period of confinement. We AFFIRM the judgment of the trial court.

## BACKGROUND

The defendant, his father, and a friend were stopped for speeding while driving through Memphis, Tennessee, en route from Dallas, Texas to Washington, D.C. The police obtained written permission to search the defendant's vehicle and discovered two pounds of marijuana packed in coffee grounds in the trunk. The defendant was indicted and pleaded guilty to possession of marijuana with intent to sell and was sentenced to one year and a two thousand dollar fine. At a hearing to determine the manner of service of this sentence, the defendant revealed that he had sold drugs to fund his purchase of the marijuana in Dallas. He had planned to deliver the marijuana to his cousin in Washington for resale, and he and his cousin were to split the profit. On cross examination, the defendant acknowledged the drug problems in Dallas, Texas; Memphis, Tennessee; and Washington D.C.. He further acknowledged that his role as a dealer/supplier exacerbated the problem. Based on this evidence, the trial court found some period of confinement necessary to avoid depreciating the seriousness of the defendant's offense and to deter others likely to commit similar offenses. See Tenn. Code Ann. § 40-35-103(1)(B). Accordingly, the trial court ordered that the defendant serve thirty days confinement and that he be placed on probation for the balance of his sentence. The defendant asserts that

he is entitled to full probation and that a sentence of confinement is not warranted.

## STANDARD OF REVIEW

Appellate review of a challenge to the length or manner of service of a sentence is de novo on the record, "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported in the record, then this Court may not disturb the sentence even if we would have preferred a different result. See State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The appellant carries the burden of showing that his sentence is improper. See Tenn. Code Ann. § 40-35-401(d) sentencing comm'n cmts; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996).

## PROBATION

Although the defendant is statutorily eligible for full probation, see Tenn. Code Ann. § 40-35-303(a), he is not entitled to probation as a matter of law, see State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997). Rather, the defendant bears the burden of establishing his suitability for probation. See Tenn. Code Ann. § 40-35-303(b); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). To meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)). Factors to be considered include the circumstances of the offense; the defendant's criminal record, social history, and present condition; and the need for

deterrence. See State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). A defendant's lack of truthfulness or candor is also an appropriate consideration, as this reflects negatively on the defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

## CONCLUSION

In the present case, the trial court found that the defendant was not candid with the court at his sentencing hearing. This finding is clearly supported by the record, which reflects often nonresponsive and occasionally self-contradictory testimony by the defendant. In addition, the trial judge found that the seriousness of the offense merited some time of confinement. Thus, despite the defendant's lack of criminal record and his obtaining employment since the offense, the evidence does not preponderate against the trial court's decision to deny full probation. The judgment of the trial court is affirmed.

## CONCLUSION

The judgment of the trial court is AFFIRMED.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:


_____
DAVID G. HAYES, Judge



_____
JOE G. RILEY, Judge